UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVIS D. BROWN,

        Plaintiff,

                                    CASE NO. 2:11-CV-11535
v.                                 HONORABLE GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF
COUNSEL'S MOTION FOR ATTORNEY FEES (Doc. 17)**

      Plaintiff Trevis Brown brought an appeal of a Social Security disability denial here. This court remanded the case back to the Social Security Administration. On remand, the Commissioner of Social Security awarded benefits in the amount of $98,007 to Brown on December 27, 2012. Plaintiff's counsel, Robert MacDonald, received the Notice of Award on April 29, 2013. According to the Notice, the Commissioner withheld $24,501.95, which represents 25 percent of the total award. Now before the court is MacDonald's motion for attorney fees pursuant to 42 U.S.C. § 406(b), which the government has not opposed, and the time period for filing such an opposition has expired. For the reasons set forth below, counsel's motion for attorney fees shall be granted.

      MacDonald requests fees in the amount of $8,250 for time spent in representation before this court. MacDonald reports to the court that his partner is seeking an additional $11,925 for time spent in representation before the Social Security Administration, for a combined total fee of $20,175. This amount is less than 25 percent of his past due

-1-

benefits. Brown has submitted an affidavit stating that he entered into a contingency fee agreement with the law firm of MacDonald, Fitzgerald & MacDonald, and agreed to pay them 25 percent of his past due benefits, if he was successful in his social security disability appeal.

When a claimant is successful on his Social Security disability administrative appeal, attorney fees are properly awarded in a district court pursuant to 42 U.S.C. § 406(b) which provides:

> (b) Fees for representation before court
>
> (1)(A) Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401 et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has squarely upheld contingency fee agreements as "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The Supreme Court further has directed the courts to review such contingency fees for reasonableness. Id. at 808. There is a "rebuttable presumption that an attorney will receive the full 25% contingency fee under contract." Hayes v. Secretary of Health & Human Serv., 923 F.2d 418, 419 (6th Cir. 1990) (citations omitted). The decision whether to award attorney's fees under § 406(b)(1) is committed to the sound discretion of the district court, and the decision awarding or denying fees is reviewed on appeal under the

deferential abuse of discretion standard.  See Damron v. Commissioner of Soc. Sec., 104 F.3d 853, 856 (6th Cir. 1997).  Where, as here, a contingent fee arrangement of 25 percent is involved, the court should give effect to the agreement unless a deduction is warranted due to: (1) improper conduct or ineffective assistance of counsel, or (2) a windfall to counsel resulting from either an inordinately large benefit award or a minimal expenditure of effort.  Id. at 856 (citing Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989) .  Neither situation exists here.  There is nothing to suggest improper conduct or that a windfall would result.  In determining the reasonableness of attorney fees, the Sixth Circuit has cautioned that the award must not "unduly erode the claimant's benefits."  Royzer v. Secretary of Health & Human Serv., 900 F.2d 981, 982 (6th Cir. 1990).  Where Brown stands to recover $77,832 in past due benefits, once attorney fees are deducted, there is no danger that Brown's benefits will be excessively diminished.

MacDonald has submitted an affidavit stating that he has represented at least 750 clients before the Social Security Administration, his regular hourly rate for legal services is $250 per hour, and that he billed 17 hours of time on this matter before this court for a total of $8,250.  The court finds that this amount of time billed and the hourly fee charged are reasonable and are consistent with the fees paid in comparable cases, and thus, MacDonald's motion for fees as to this amount shall be granted.  In addition, because the amount of fees MacDonald seeks from this court under § 406(b), when combined with the amount of fees his partner seeks before the Commissioner at the administrative level pursuant to § 406(a), amounts to less than the full 25 percent recovery allowed, the fees are presumed to be reasonable and should be permitted.  There is no danger that awarding the fees in accordance with the contingency fee agreement here will deny claimant of a real

recovery.  Because the amount of benefits due is somewhat substantial, $98,007, awarding counsel fees for work before the district court in the amount of $8,250 will not  will unfairly diminish the recovery to claimant.  Accordingly,

It is hereby ORDERED that Attorney Robert MacDonald's motion for attorney fees in the amount of $8,250 is GRANTED.

**IT IS SO ORDERED**.

Dated:  June 12, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 12, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk